UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| BEST MATTRESSES INTERNATIONAL COMPANY LIMITED AND ROSE LION FURNITURE INTERNATIONAL COMPANY LIMITED<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br>and<br><br>BROOKLYN BEDDING, LLC; CORSICANA MATTRESS COMPANY; ELITE COMFORT SOLUTIONS; FXI, INC.; INNOCOR, INC.; KOLCRAFT ENTERPRISES INC.; LEGGETT & PLATT, INCORPORATED; THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS; AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>Defendant-Intervenors. | Ct. No. 21-00281 |

**REPONSE TO DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR STATUTORY INJUNCTION**

Pursuant to this Court's August 23, 2021 order, Plaintiffs Best Mattresses International Company Limited ("Best Mattresses") and Rose Lion Furniture International Company Limited ("Rose Lion"), hereby respond to the partial opposition to Plaintiffs' motion for statutory injunction filed by Defendant United States. See Def.'s Partial Opp'n to Pls.' Mot. For Statutory

Inj. (Aug. 20, 2021), ECF No. 25 ("Def's Opp'n"); see also Order re: Motion for Statutory Injunction (Aug. 23, 2021), ECF No. 26.

For the reasons fully explained in Plaintiffs' original motion and below, Defendant's partial opposition is not legally persuasive, and the Court should grant Plaintiffs' motion to issue an "open-ended injunction" in order to ensure that all of their entries made on or after the date of the Preliminary Determination (November 3, 2020, excluding the May 2, 2021 through May 13, 2021 "gap period") are properly liquidated in accordance with the Court's decision at the conclusion of this litigation. See Mot. for Statutory Inj. (July 30, 2021), ECF No. 18.

This response is timely filed pursuant to the Court's order. See Order (Aug. 23, 2021), ECF No. 26.

**ARGUMENT**

In the original motion, Plaintiffs established their grounds for a statutory injunction to enjoin liquidation of (1) their past entries that are subject to the antidumping duty order ("AD order") on appeal here, since the date when the U.S. Department of Commerce ("Commerce") imposed preliminary measures and (2) their future entries until this Court issues a final and conclusive decision in the instant litigation. In sum, to prevail on a motion for a statutory injunction, the moving party must demonstrate: (1) likelihood of success on the merits, (2) irreparable harm absent immediate relief, (3) the balance of interests weighing in favor of relief, and (4) that the injunction serves the public interest. See Ugine & Alz Belg. v. United States, 452 F.3d 1289, 1293 (Fed. Cir. 2006); Husteel Co., Ltd. v. United States, 38 CIT_, _, 34 F. Supp. 3d 1355, 1359 (2014). Defendant partially objects to Plaintiffs' motion for injunction on several grounds, but all are overcome by the injunctive factors in favor of Plaintiffs' position, as explained below.

First, Defendant argues that it would only consent to an injunction that applies to Plaintiffs' entries that are subject to the first administrative review of the underlying AD order (i.e. November 3, 2020 through April 30, 2022), and "{t}he limitation to the injunctive relief that {the Defendant is} seeking will preserve the status quo with respect to the entries covered by the first administrative review, which are the first set of entries that would be slated for liquidation." Def's Opp'n at 10.  Defendant's argument is misplaced.  The purpose of an injunction is not merely to preserve the status quo.  An injunction, as described under the statute, is an essential safeguard granted to interested parties, which ensures that all entries are liquidated in accordance with the Court's final and conclusive judgment and conserves government resources by eliminating agency actions that might be void as a result of litigation.  See 19 U.S.C. § 1516a(e)(2) (stating that entries of which the liquidation was enjoined under subsection (c)(2), "shall be liquidated in accordance with the final court decision in the action").  In SKF USA Inc. v. United States, the Court explained that "preliminary injunctions are usually not subject to a fixed time limitation," and once liquidation is enjoined, entries should remain suspended until there is a "conclusive court decision which decides the matter, so that subsequent entries can be liquidated in accordance with that conclusive decision." SKF USA Inc. v. United States, 28 Ct. Int'l Trade 170, 178, 316 F. Supp. 2d 1322, 1331 (2004) (quoting AIMCOR v. United States, 23 CIT 932, 939, 83 F. Supp. 2d 1293 (1999); see also Timken Co. v. United States, 893 F.2d 337, 342 (Fed. Cir. 1990) (emphasizing that 19 U.S.C. § 1516a(e)(2) requires liquidation to be enjoined until there is a final and conclusive judgement).  There are independent reasons, therefore, for the Court to issue an injunction separate from maintaining the status quo – to ensure that entries are properly liquidated pursuant to a final and conclusive court judgement and

to preserve government resources.  As mandated by the statute and past cases, an injunction is necessary here pending the result of the instant litigation.

Second, Defendant argues that Plaintiffs have not shown the likelihood to success on the merits because Commerce "explained its evaluation of the evidence on the record and the reasons for its final determination." Def's Opp'n at 16.  Defendant, however, fails to properly consider the substantial evidence standard governing agency action.  The Court shall hold unlawful "any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Huayin Foreign Trade Corp. v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (internal citation omitted).  Substantial evidence requires "more than a mere scintilla," see, e.g., Swiff-Train Co. v. United States, 793 F.3d 1355, 1359 (Fed. Cir. 2015) (internal citation omitted), and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Huayin, 322 F.3d at 1374 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Defendant does not provide any evidence or analysis explaining how Commerce's evaluation of information on the record was supported by substantial evidence pursuant to the established precedent cited above.

Plaintiffs, on the other hand, explained in their original motion for a statutory injunction, how they are very likely to prevail on the merits.  Plaintiffs raised a number of substantial questions in the complaint that Commerce made legal and factual errors in its calculation of the dumping margin to the Plaintiffs. See Mot. for Statutory Inj. at 8-9 (July 30, 2021), ECF No. 18.  In addition, "{a} request for a preliminary injunction is evaluated in accordance with a 'sliding scale' approach:  the more the balance of irreparable harm inclines in the plaintiff's favor, the

smaller the likelihood of prevailing on the merits {is needed} in order to get the injunction." Qingdao Taifa Group Co. v. United States, 581 F.3d 1375, 1378–79 (Fed. Cir. 2009). Further, importantly, in the context of AD proceedings, "the court . . . recognizes that 19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions . . . to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation." Id. at 1382. Thus, as the Court has recognized, there is a lower burden of showing likelihood of success in section 1581(c) cases. See id.

Third, Defendant states that the balance of equities weighs against granting the open-ended injunction and such an injunction does not serve public interest. Defendant fails to recognize the importance of judicial economy and the fact that an open-ended injunction will save unnecessary expense of resource from all interested parties. Notably, although Defendant objects to an open-ended injunction that Plaintiffs are seeking here, Defendant does not dispute Plaintiffs' absolute right to an injunction covering all imports now and in the future. See Def's Opp'n at 8, 20 ("{W}e recognize that Best Mattresses is statutorily entitled to an injunction to cover entries at risk of liquidation."). Rather, Defendant merely insists that all parties incur burden each year to renew an injunction. If the Court only grants a partial injunction to cover entries up to the end of the first administrative review, Defendant acknowledges that Plaintiffs will need to return to the Court to modify the injunction to cover future entries that are subject to liquidation. See id. at 16-17 ("Should those entries be subject to liquidation later, Best Mattresses may petition this Court for modification of the injunction, and exercise basic due diligence, coordinate with Commerce to update the Form 24 to add new dates and ask the Court to modify the existing injunction."). Defendant lightly categorizes these efforts as "an inconvenience," but it is rather a certainty that Plaintiffs, Defendant, Commerce, Customs Border

Protection and this Court will all have to get involved in what would be an automatic process of renewing an injunction each year, potentially for many years. Where the government has no strong case against an injunction in the unique situation of an appeal from an original investigation, which could make all later reviews void <u>ab initio</u>, there is simply no demonstrated need for all parties to incur such expenses.

Further, when construing matters of equity, the Court can consider burden on the parties as part of the public interest. This "inconvenience," as Defendant characterizes, actually runs contrary to the public interest in that the parties here, as well as this Court, form part of the public that has an interest in the sought injunction. Moreover, judicial economy alone is a valued basis for issuing injunction prior to judgement. <u>See</u> <u>Holmes Prods. Corp. v. United States</u>, 17 Ct. Int'l Trade 356, 358, 822 F. Supp. 754, 757 (1993). ("The issuance of an injunction prior to judgment is preferred based on general principles of judicial economy and finality.")  Having conceded that an injunction is necessary to protect the status quo, Defendant offers no compelling reason for making such an injunction dependent on whether or not there are subsequent administrative reviews covering future periods, any and all of which are potentially affected by the Court's final disposition in the instant appeal. Plaintiffs recognize that the Court's Form 24 has a "through" date, which appears to presuppose that injunctions typically have a fixed end date.  As Plaintiffs have explained, however, the Court is presented here with an exception in the form of an appeal from an investigation which has potential impact beyond any one fixed annual review period.

In this context then, it is more than an "inconvenience" to have to engage in an unnecessary automatic annual renewal of the injunction that is a foreseeable and preventable waste of all parties' resources and is contrary to Rule 1 of the Rules of the U.S. Court of

International Trade, which requires "the just, speedy, and inexpensive determination of every action and proceeding." USCIT R. 1.

## CONCLUSION

In sum, Defendant presents no convincing legal reason to limit the statutory injunction period to the end of the first administrative review. Such limitation is against the public interest because it will result in unnecessary annual renewal of the injunction, which is a waste of all parties' resources and is contrary to Rule 1 of the Rules of the U.S. Court of International Trade requiring "the just, speedy, and inexpensive determination of every action and proceeding." Plaintiffs have established their grounds for a statutory injunction to enjoin its past and future entries until this Court issues a final and conclusive decision in the litigation.

WHEREFORE Plaintiffs respectfully request that their Motion for Statutory Injunction be granted.

Respectfully submitted,

Dated:  09/1/2021

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Sarah M. Wyss
Wenhui (Flora) Ji
**Mowry & Grimson, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, DC 20015
202-688-3610 (ph)
202-595-8968 (fax)
trade@mowrygrimson.com
*Counsel to Rose Lion Furniture International Company Limited and Best Mattresses International Company Limited*