UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

|   |   |   |
|---|---|---|
| BEST MATTRESSES INTERNATIONAL COMPANY LIMITED AND ROSE LION FURNITURE INTERNATIONAL COMPANY LIMITED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Consol. Ct. No. 21-00281 |
| UNITED STATES, | ) ) ) | |
| Defendant, and | ) ) ) ) | |
| BROOKLYN BEDDING, LLC ET AL., | ) ) ) | |
| Defendant-Intervenors. | ) ) | |

**PLAINTIFFS BEST MATTRESSES INTERNATIONAL COMPANY LIMITED AND ROSE LION FURNITURE INTERNATIONAL COMPANY LIMITED COMMENTS IN SUPPORT OF FINAL RESULTS OF REDETERMINATION**

Jeffrey S. Grimson
Sarah M. Wyss
Ronalda G. Smith
MOWRY & GRIMSON, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
202.595.8968 (fax)
trade@mowrygrimson.com

September 29, 2023

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**INTRODUCTION AND SUMMARY OF ARGUMENTS** ...................................................... 1

**STANDARD OF REVIEW** ........................................................................................................ 2

**ARGUMENT** .............................................................................................................................. 2

    **I. COMMERCE'S DETERMINATION THAT EMIRATES SLEEP'S FINANCIAL STATEMENTS ARE INCOMPLETE IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW** .............................................................................. 2

    **II. COMMERCE'S DETERMINATION TO USE THE GTI FINANCIAL STATEMENTS AS PART OF THE FINANCIAL RATIOS IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW** ............................... 4

**CONCLUSION** ........................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

AG der Dillinger Huttenwerke v. United States,
   28 CIT 94, 310 F. Supp. 2d 1347 (2004) ................................................................................ 2
Best Mattresses Int'l Co. Ltd. v. United States,
   _ CIT _, 622 F. Supp. 3d 1347 (2023) ............................................................................... 1, 4
Carbon Activated Tianjin Co. v. United States,
   46 CIT __, 586 F. Supp. 3d 1360 (2022) ............................................................................... 4
Catfish Farmers of Am. v. United States,
   33 CIT 1258, 641 F. Supp. 2d 1362 (2009) ............................................................................ 4
CP Kelco U.S., Inc. v. United States,
   949 F.3d 1348 (Fed. Cir. 2020) ........................................................................................... 4, 5
Nippon Steel Corp. v. U.S. Int'l Trade Comm'n,
   494 F.3d 1371 (Fed. Cir. 2007) ............................................................................................. 3
NMB Sing. Ltd. v. United States,
   28 CIT 1252, 341 F. Supp. 2d 1327 (2004) ............................................................................ 2

**Statutes**

19 U.S.C. § 1516a ..................................................................................................................... 2, 3

**Other Authorities**

Mattresses From Cambodia: Final Affirmative Determination of Sales at Less Than Fair Value
   and Final Negative Determination of Critical Circumstances, 86 Fed. Reg. 15,894 (Dep't of
   Commerce Mar. 25, 2021) ...................................................................................................... 3

In accordance with U.S. Court of International Trade Rule 56.2(h)(3), Plaintiffs Best Mattresses International Company Limited and Rose Lion Furniture International Company Limited (collectively "Best Mattresses"), submit these comments in support of the Final Results of Redetermination Pursuant to Court Remand filed by the U.S. Department of Commerce ("Commerce") on July 17, 2023. See Final Results of Redetermination Pursuant to Court Remand (July 17, 2023) (Public Document), ECF No. 105-1 ("Remand Redetermination").

## INTRODUCTION AND SUMMARY OF ARGUMENTS

In its Remand Redetermination, Commerce properly implemented the directive of this Court by determining that the financial statements of Emirates Sleep Systems Private Limited ("Emirates Sleep") are incomplete and further including the Grand Twins International ("GTI") financial statements in calculating the constructed value ("CV") profit and selling expense ratios. This Court remanded Commerce's final determination in the antidumping investigation on mattresses from Cambodia for further explanation or reconsideration on three issues: 1) Commerce's use of Cambodian Trademap data under the Transactions Disregarded Rule in order to determine the market price, 2) Commerce's inclusion of imports from non-market economy ("NME") counties and export-subsidizing countries and 3) Commerce's determination that the financial statements of Emirates Sleep are publicly available and sufficiently complete. See Best Mattresses Int'l Co. Ltd. v. United States, _ CIT _, 622 F. Supp. 3d 1347, 1397 (2023) ("Remand Order").

As explained in its remand opposition comments, Best Mattresses does not support Commerce's determination to exclude data from NME countries and countries with export subsidies from its major input rule calculation and its determination to include the financial statements of Emirates Sleep in its calculation of the CV and profit and selling expense ratios. See

Pls.' Best Mattresses Comments on Final Results of Redetermination (Aug. 30, 2023) (Nonconfidential Version), ECF No. 110. Best Mattresses, however, support Commerce's determination that Emirates Sleep's financial statements are incomplete and Commerce's decision to use the GTI financial statements as part of the financial ratios. Commerce's Remand Redetermination on this issue is now supported by substantial evidence and in accordance with law.

## STANDARD OF REVIEW

The Court reviews remand determinations for compliance with its remand order. See NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004). Any factual findings on remand must be supported by substantial evidence and the agency's legal determinations must be in accordance with law. See 19 U.S.C. § 1516a(b)(1)(B)(i); see also AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).

## ARGUMENT

**I. COMMERCE'S DETERMINATION THAT EMIRATES SLEEP'S FINANCIAL STATEMENTS ARE INCOMPLETE IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW**

Commerce's determination that the Emirates Sleep financial statements are not complete is supported by substantial evidence and in accordance with law. See Remand Redetermination at 9. In the Remand Order, this Court held that Commerce's determination that the Emirates Sleep financial statements are complete was not supported by substantial evidence and not in accordance with law, holding that "Commerce's determination that Emirates's financial statements are sufficiently complete is unreasonable." Remand Order, 622 F. Supp. 3d at 1396-1397. Specifically, this Court reasoned that "{t}he missing annexure may have deprived Commerce of

key information regarding the viability of Emirates's financial statements -- specifically, the existence of government subsidies recorded as assets." Id. at 1396.

In its original final determination, Commerce determined that the Emirates Sleep financial statements are complete. See Mattresses From Cambodia: Final Affirmative Determination of Sales at Less Than Fair Value and Final Negative Determination of Critical Circumstances, 86 Fed. Reg. 15,894 (Dep't of Commerce Mar. 25, 2021) ("Final Determination") (P.R. 309), and accompanying Issues and Dec. Mem. at 20-21 (Mar. 18, 2021) ("Final I&D Mem.") (P.R. 301); see also Remand Redetermination at 15 (noting that Commerce initially disagreed that the Annexure 5 pertained to government subsidies). In its Remand Redetermination, however, Commerce determined that without Annexure 5, "{Commerce} cannot determine whether the 'balance with government authorities' constitutes a government subsidy." Remand Redetermination at 9; see also id. at 16. Commerce reversed its original Final Determination, finding that the Emirates Sleep financial statements are incomplete. See id at 9.

The Court must uphold an agency determination so long as it is supported by substantial evidence or otherwise in accordance with law. See 19 U.S.C. § 1516a(b)(1)(B)(i). If changing its determination, "{Commerce} . . . must adequately explain its reason for a reversal of policy." Nippon Steel Corp. v. U.S. Int'l Trade Comm'n, 494 F.3d 1371, 1377 n.5 (Fed. Cir. 2007). Here, Commerce meets the Nippon threshold in its Remand Redetermination, explaining that "{t}hose balances may not pertain to subsidies, but because {Commerce does} not have a copy of Annexure 5, {Commerce} cannot with certainty determine what those balances represent. Therefore, {Commerce} cannot determine that the financial statements are not likewise flawed." Remand Redetermination at 16.

Commerce adequately explains its reasoning for changing course, specifically following this Court's Remand Order and referring to the Court's statements on this issue. See id. at 15-16. Commerce's determination that the Emirates financial statements are not complete is, therefore, consistent with this Court's Remand Order, supported by sufficient evidence and in accordance with law.

## II. COMMERCE'S DETERMINATION TO USE THE GTI FINANCIAL STATEMENTS AS PART OF THE FINANCIAL RATIOS IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW

While Best Mattresses disagrees with Commerce's decision to include the Emirates Sleep financial statements in its profit and selling expense calculation, Commerce's determination to use the GTI financial statements in the calculation is supported by substantial evidence and in accordance with law. In the Remand Order, this Court remanded Commerce's calculation of the profit and selling expense calculation, reasoning that "Commerce did not 'sufficiently explain' {} its reason for choosing between two flawed financial statements." Remand Order, 622 F. Supp. 3d at 1396 (citing to CP Kelco U.S., Inc. v. United States, 949 F.3d 1348, 1359 (Fed. Cir. 2020)). This Court remanded Commerce to "fairly weigh the available options" and to "address{} any shortcomings." Id. at 1397 (citing to Carbon Activated Tianjin Co. v. United States, 46 CIT __, __, 586 F. Supp. 3d 1360, 1381 (2022)).

Commerce has the "discretion to choose between two imperfect financial statements" so long as that choice is supported by substantial evidence. Remand Order, 622 F. Supp. 3d at 1390. In selecting between two flawed financial statements, "{Commerce} has the discretion to select the best available information for a surrogate value so long as its decision is reasonable." Id. (citing to Catfish Farmers of Am. v. United States, 33 CIT 1258, 1273, 641 F. Supp. 2d 1362, 1377 (2009) (internal quotations omitted)). For the reasons explained below, Commerce's

determination to use the GTI financial statements was reasonable and supported by substantial evidence.

In its Remand Redetermination, Commerce decided to use the GTI financial statements in its profit and selling expense calculation. See Remand Redetermination at 16. Here, Commerce recognized that the GTI statements "represent profit information for production and sales in the preferred foreign country (i.e., Cambodia)" and represent "merchandise that is similar," if not comparable, to the subject merchandise. Id.

Best Mattresses continues to contend that the GTI financial statements are the only reasonable source for Commerce to use in calculating the profit and selling expense calculations as they are less flawed than the Emirates Sleep Statements. See CP Kelco, 949 F.3d at 1353 (noting that Commerce must "consider the weakness of each financial statement" and "must decide which is the more serious flaw"). Commerce, however, sufficiently explains its decision to use the GTI financial statements in its overall calculation of financial ratios, and this aspect of its Remand Redetermination is supported by substantial evidence and in accordance with law.

## CONCLUSION

For the above reason, the Court should find that Commerce's remand redetermination is now supported by substantial evidence and in accordance with law with respect to 1) Commerce's determination that the Emirates Sleep financial statements are incomplete and 2) Commerce's use of the GTI statements in its CV profit and selling expense ratio. The Court should sustain Commerce's remand redetermination on these two issues.

<table>
<tr><td>Dated: September 29, 2023</td><td>Respectfully submitted,

/s/ Jeffrey S. Grimson

Jeffrey S. Grimson
Sarah M. Wyss
Ronalda G. Smith
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Best Mattresses International Company Limited and Rose Lion Furniture International Company Limited*</td></tr>
</table>

# CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B)(1)(b) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 1342 words.

<u>Dated</u>: September 29, 2023

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Ronalda G. Smith
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Best Mattresses International Company Limited and Rose Lion Furniture International Company Limited*