**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE**

| | |
|---|---|
| BEST MATTRESSES INTERNATIONAL COMPANY LIMITED AND ROSE LION FURNITURE INTERNTIONAL COMPANY LIMITED,<br><br>        *Plaintiffs and Consolidated Defendant-Intervenors*,<br><br>     v.<br><br>UNITED STATES,<br><br>        *Defendant*,<br><br>BROOKLYN BEDDING, LLC ET AL.,<br><br>        *Defendant-Intervenors and Consolidated Plaintiffs.* | Consol. Court No. 21-00281 |

## MATTRESS PETITIONERS' POST-ARGUMENT SUBMISSION

Yohai Baisburd
Chase J. Dunn

CASSIDY LEVY KENT (USA) LLP
900 19th Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 567-2300

*Counsel to Brooklyn Bedding, LLC, Corsicana Mattress Company, Elite Comfort Solutions, FXI, Inc., Innocor, Inc., Kolcraft Enterprises Inc., Leggett & Platt, Incorporated, International Brotherhood of Teamsters, United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO*

Date:   February 7, 2024

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE**

| | |
|---|---|
| BEST MATTRESSES INTERNATIONAL COMPANY LIMITED AND ROSE LION FURNITURE INTERNTIONAL COMPANY LIMITED, <br><br> *Plaintiffs and Consolidated Defendant-Intervenors,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br><br> BROOKLYN BEDDING, LLC ET AL., <br><br> *Defendant-Intervenors and Consolidated Plaintiffs.* | Consol. Court. No. 21-00281 |

**MATTRESS PETITIONERS' POST-ARGUMENT SUBMISSION**

Brooklyn Bedding, LLC, Corsicana Mattress Company, Elite Comfort Solutions, FXI, Inc., Innocor, Inc., Kolcraft Enterprises Inc., Leggett & Platt, Incorporated, International Brotherhood of Teamsters, United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, (hereinafter, "Mattress Petitioners"), defendant-intervenors in this action, herein submit comments following oral argument consistent with the Court's instructions. *See* ECF No. 127; *see also* Final Results of Redetermination Pursuant to Court Remand (July 17, 2023), ECF No. 105-1 ("*Remand Redetermination*"); *Best Mattresses Int'l Co. Ltd. v. United States*, 622 F. Supp. 3d 1347 (Feb. 17, 2023) ("*Remand Order*").

I.   **THE DEPARTMENT'S EXCLUSION OF IMPORT DATA FROM NME AND EXPORT SUBSIDIZING COUNTRIES IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW**

Best Mattresses asserts that the Department of Commerce's ("the Department") decision to exclude import data from non-market economies ("NME") and countries with broadly available export subsidies is unlawful because "Commerce cites to no facts that establish the unreliability of the contested country data and rests its legal conclusion on past determinations that are irrelevant in a market economy ("ME") investigation." Best Mattresses "Response to the Court's January 22, 2024 Questions for Oral Argument" (Jan. 30, 2024) ("BM/RL Resp.") at 1. Best Mattresses thus asserts that "there is no general presumption of unreliability of NME prices or prices from countries with export subsidies" in the ME context. *Id.* at 2. Best Mattresses' arguments miss the mark.

In its *Remand Redetermination* the Department cited two examples where it presumes data from NMEs and export subsidizing countries are unreliable in the ME context, which Best Mattresses has not rebutted. *First*, for "purposes of constructing a normal value for comparison to U.S. price in the context of evaluating an antidumping petition in market economy cases, Commerce values the production inputs using import data that excludes NME countries and countries with broadly available export subsidies." *Remand Redetermination* at 26. *Second*, when normal value is based on constructed value ("CV"), "Commerce may rely on the financial statements of a surrogate producer to determine amounts for CV profit and selling expenses" but "surrogate financial statements of NME entities are excluded from consideration for purposes of this exercise." *Id.* at 26-27.

The Department has also applied its presumption of NME unreliability in other ME cases. The Department, and this Court, correctly cite *Diamond Sawblades from Korea*, an ME

case, as an example. *Remand Redetermination* at 27; *Remand Order* at 54-55. In that case, two of the Korean respondents purchased inputs from unaffiliated suppliers in an NME. The Department preliminarily made adjustments to its calculation of CV to account for the "distortion" resulting from those NME purchases. The respondents asserted, much like Best Mattresses here, that "no authority exists for the Department's proposed adjustments" and that, because respondents were "market economy producer{s}," the normal value of their "exports must be determined according to the statutory provisions that apply to market economy countries." *Notice of Final Determination of Sales at Less Than Fair Value and Final Determination of Critical Circumstances: Diamond Sawblades and Parts Thereof from the Republic of Korea*, 71 Fed. Reg. 29310 (May 22, 2006) ("*DSB from Korea*"), IDM at Comment 12.

The Department disagreed, and in the final *DSB from Korea* determination explained that although it would "normally" use costs as recorded in the respondent's books and records in calculating CV, it would only do so where "those recorded costs reasonably reflect the costs associated with the production and sale of the subject merchandise." *Id.* (citing 19 USC § 1677b(f)(1)). In other words, "there may be circumstances where the Department could reasonably determine that the use of the respondent's recorded costs is inappropriate" in ME cases, and in "such cases, the Department has the discretion to calculate the costs of production by some other reasonable means." *Id.* Because the "***Act generally assumes*** that prices for goods produced in NMEs cannot be relied upon for purposes of a price-based analysis," it may be appropriate to depart from a respondents books and records when they purchase inputs from suppliers based in an NME. *Id.* (emphasis supplied). The Department supported this analysis by

reference to the intermediate country provision of the statute (19 USC § 1677b(a)(3)) and Policy

Bulletin Number 94.1, which states:

> {i}n the view of the economic distortion created by state control in NMEs, and in the absence of market directed decisions on price and output, it is unrealistic to expect the prices on NME produced goods sold to third countries resellers to be unaffected by that distortion. Because the price from a NME producer <u>to</u> a third country reseller is not based on market-determined factors, neither can we expect that the resale price <u>by</u> that reseller will be.

*Id.*

Although Best Mattresses is correct that the Department ultimately "determined not to

adjust the respondents' reported costs" in the final determination, it did so after finding that the

"inputs in question are minor and that any distortion they may create as a percentage of the

respondents' total COP is negligible." *Id.* Put differently, the Department did not hold that the

presumption of NME unreliability was inapplicable in ME cases; rather, the agency explicitly

held that the presumption of NME unreliability applies with equal force in the CV context, that

the statute provides the Department with the authority and discretion to make adjustments to

correct for that "distortion," but the specific facts on the record demonstrated the distortion was

"negligible" and therefore no adjustment was necessary. *See id.*

In sum, Best Mattresses has not undermined the Department's determination to exclude

import data from NME and export subsidizing countries from its surrogate value dataset and,

therefore, the Court should affirm the Department's *Remand Redetermination* as supported by

substantial evidence, in accordance with law, and consistent with its longstanding practice.

## II. SUBSTANTIAL EVIDENCE SUPPORTS THE DEPARTMENT'S DETERMINATION THAT EMIRATES SLEEP'S FINANCIAL STATEMENTS WERE PUBLICLY AVAILABLE DURING THE UNDERLYING INVESTIGATION

Best Mattresses asserts that "record evidence shows that the Emirates statements were

not available as of August 21, 2020," citing an exhibit from their CV rebuttal comments.

BM/RL Resp. at 6 (citing Respondent's CV Rebuttal Comments at Exhibit CVR-2 (P.R. 152)).
In that exhibit, Best Mattresses provided a screenshot of its attempt to search the MCA website
for Emirates Sleep's financial statements, which did not identify any documents. The problem,
however, is that Best Mattresses used the wrong search function on the MCA website.
Specifically, Best Mattresses used the search function for the MCA's general webpage, rather
than the search function for the MCA's repository of publicly available filings. *Compare id.* at
Exhibit CVR-2, *with* Letter from Mattress Petitioners, "Mattress Petitioners' Response to the
Department's Supplemental Questionnaire" (Apr. 6, 2023) at Exhibit 3 (Step 3 and Step 4). As
demonstrated in Mattress Petitioners' questionnaire response, and confirmed by the Department,
had Best Mattresses used the right search function, it would have been able to locate all of
Emirates Sleep's public documents, including its financial statements. Accordingly, Best
Mattresses has not undermined the Department's determination that Emirates Sleep's financial
statements were, and are, publicly available. Consequently, the Court should affirm the
Department's determination that Emirates Sleep's financial statements are publicly available as
supported by substantial evidence.

*      *      *      *

Respectfully submitted,

/s/ Yohai Baisburd

Yohai Baisburd
Chase J. Dunn

CASSIDY LEVY KENT (USA) LLP
900 19th Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 567-2300

*Counsel to Brooklyn Bedding, LLC,
Corsicana Mattress Company, Elite
Comfort Solutions, FXI, Inc., Innocor, Inc.,
Kolcraft Enterprises Inc., Leggett & Platt,
Incorporated, International Brotherhood
of Teamsters, United Steel Paper and
Forestry, Rubber, Manufacturing, Energy,
Allied Industrial and Service Workers
International Union, AFL-CIO*

Date:   February 7, 2024

Court. No. 21-00281

## <u>Certificate of Compliance</u>

The undersigned hereby certifies that the forgoing submission of "Mattress Petitioners'
Post-Argument Submission," filed by Defendant-Intervenors, Mattress Petitioners, on February
7, 2024, contains 1194 words and therefore complies with the 1250-word limitation set forth by
the Court.

BY: <u>/s/  Yohai Baisburd</u>